**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
ROBERT DOLAN,

      Plaintiff,

  -against-

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,

      Defendant.
------------------------------------- x



MEMORANDUM DECISION
AND ORDER

17 Civ. 4202 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Robert Dolan brings this action under the Social Security Act ("SSA"), 42 U.S.C. §§ 405(g), seeking review of a determination by the Commissioner of Social Security that he does not qualify for disability insurance benefits. (*See* Compl., ECF No. 1.) Plaintiff and the Commissioner both move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* Pl.'s Mot., ECF No. 12; Comm'r's Mot., ECF No. 24.)

  This matter was referred to Magistrate Judge Henry B. Pitman. (ECF No. 5.) Before this Court is Magistrate Judge Pitman's July 24, 2018 Report and Recommendation ("Report," ECF No. 16), recommending that the Commissioner's motion be granted and Plaintiff's motion be denied.[1] (*Id.* at 60.) In his Report, Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 60–61); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed.

  A court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Where no party files objections to a report and

---

[1] The relevant procedural and factual background is set forth in detail in the Report and is incorporated by reference herein.

recommendation, as here, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full. The Commissioner's cross-motion for judgment on the pleadings is GRANTED. Plaintiff's motion for judgment on the pleadings is DENIED.

## I. LEGAL STANDARD

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court may set aside a decision by the Commissioner only if it is not supported by substantial evidence or if it is based upon legal error. 42 U.S.C. § 405(g); *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012); *Burgess v. Astrue*, 537 F. 3d 117, 127 (2d Cir. 2008). "Substantial evidence means more than a mere scintilla." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotation marks omitted). Under the substantial evidence standard, facts found by an administrative law judge ("ALJ") can be rejected "only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation omitted).

Under the SSA, an individual is considered "disabled" for purposes of obtaining benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

2

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the individual's "physical or mental impairments [must be] of such severity that [s]he . . . cannot, considering [her] age, education, and work experience, engage in any . . . kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

The Commissioner's regulations outline a five-step sequential framework to guide the presiding ALJ in evaluating claims for benefits under the SSA. *See* 20 C.F.R. § 416.920. The Second Circuit has described the first four steps of the analysis as follows:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity ["RFC"] to perform her past work.[2]

*Jasinski v. Barnhart*, 341 F.3d 182, 183–84 (2d Cir. 2003) (citation omitted). The claimant bears the burden of proof at each of these steps of the analysis. *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). If he can demonstrate that he is disabled and that his severe, medically determinable impairments prevent him from performing his past work, "the burden shifts to the Commissioner to show there is other gainful work in the national economy which the claimant could perform." *Butts v. Barnhart*, 388 F.3d 377, 381 (2d Cir. 2004) (citation omitted).

---

[2] An RFC "is an assessment of the individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[]" despite her impairments. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). In determining an individual's RFC, the ALJ is required to "'identify the individual's functional limitations or restrictions and assess . . . her work-related abilities on a function-by-function basis.'" *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting SSR 96-8p, 1996 WL 374184, at *1).

3

## II. THE COMMISSIONER'S DENIAL OF BENEFITS IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ committed legal error in step four of the sequential analysis by (1) failing to properly weigh the evidence in determining Plaintiff's RFC and (2) improperly relying on Vocational Expert ("VE") Melissa J. Fass-Karlin's testimony in determining that Plaintiff could perform his past relevant work as either a police sergeant or a narcotics detective. (Pl.'s Mot. at 5–6.) Plaintiff's arguments lack merit.

### A. Plaintiff's RFC

Plaintiff argues that the Commissioner failed to properly weigh the evidence in determining his RFC because the Commissioner improperly considered (1) his daily activities, (2) his ability to return to work in August 2015, and (3) the conservative nature of his medical treatment. Plaintiff also argues that the ALJ's RFC determination is not supported by substantial evidence. (*Id.*)

The Report properly concluded that the ALJ did not consider Plaintiff's ability to perform daily activities in determining that Plaintiff had an RFC to perform light work, and that even if he did, the ALJ would have been permitted to do so since daily activities is one of the many factors that may be considered in evaluating RFC. (Report at 47–48.) As for Plaintiff's second argument, Plaintiff cites no legal authority to support his argument that the ALJ improperly considered his ability to return to work as a property clerk for the City of Yonkers in August 2015, following his back and knee injury, in determining his RFC. It is well established that an ALJ may consider a claimant's ability to work despite allegations of disabling limitations in determining his RFC. *See* 20 C.F.R. § 404.1529(c)(4). Thus, the ALJ properly considered the fact that Plaintiff returned to work as a property clerk for two months, and that he left this position due to the approval of his application for state disability benefits, and not due to any physical health impediments. (Report at 49.) Plaintiff also cites no legal authority to support his further argument that the ALJ improperly considered the

4

conservative nature of his medical treatment in deciding his RFC. A claimant's conservative treatment regimen is a relevant factor in determining RFC. (*See id.* at 49–50 (collecting cases).) Thus, the ALJ was entitled to consider the nature and extent of Plaintiff's medical treatment.

Plaintiff also argues that the ALJ's conclusion that Plaintiff had the RFC to perform "light work" is unsubstantiated because the ALJ allegedly considered the medical opinion and findings of only one doctor, Dr. Leonard Simpson, a state appointed medical consultant, in reaching his conclusion. (Pl.'s Mot. at 5–6.) However, it is well established that a consulting physician's opinion can constitute substantial evidence supporting an ALJ's decision. (Report at 51 (collecting cases).) Furthermore, the record demonstrates that the ALJ in fact considered the "the opinions and clinical findings of multiple consultative physicians from approximately May 2014 through approximately February 2015, that demonstrate that Dolan was capable of the exertional demands of light level work through that period of time." (*Id.* at 52.) The ALJ also considered the clinical findings and diagnostic testing by Plaintiff's treating physicians in determining that Plaintiff was capable of performing light work. (*See id.* at 53–54.) Thus, the ALJ's determination that Plaintiff had the RFC to do light work is supported by substantial evidence.

### B. Plaintiff's Past Relevant Work

Plaintiff also argues that the ALJ improperly relied on the testimony of VE Fass-Karlin in determining that Plaintiff had the RFC to perform his past relevant work because the hypothetical that he posed to the expert in reaching such a conclusion did not accurately reflect the limitations and capabilities of Plaintiff. (Pl.'s Mot. at 4–5.) However, as the Report correctly notes, Plaintiff's argument is belied by the hearing transcript. VE Fass-Karlin opined that a person of Plaintiff's age, education, and work history, who had an RFC to perform light work and could only occasionally (1) climb ramps, stairs, ladders, ropes, and scaffolds, and (2) balance, stop, kneel, crouch, and crawl,

could perform Plaintiff's past work as a police sergeant or narcotics detective. (*See* Report at 57.) This hypothetical accurately captured Plaintiff's RFC. (*See id.* at 57–58.) As a result, the ALJ's finding that Plaintiff could perform his past relevant work is supported by substantial evidence, and the ALJ did not commit legal error in analyzing step four of the sequential analysis.

### III. CONCLUSION

Magistrate Judge Pitman's Report is ADOPTED in full. The Commissioner's motion for judgment on the pleadings is GRANTED. Plaintiff's motion for judgment on the pleadings is DENIED.

The Clerk of Court is directed to close the motions at ECF Nos. 12 and 14, and this case.

Dated: New York, New York
August 21, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge